UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DESTIN SAUERS #40982,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:22-cv-00702 |
| ) | Judge Trauger |
| **MONTGOMERY COUNTY JAIL, et al.,** ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

Destin Sauers, an inmate at the Montgomery County Jail in Clarksville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), an application to proceed as a pauper (Doc. No. 2), a motion requesting his medical records (Doc. No. 4), and a motion to amend. (Doc. No. 5.) The case is before the court for initial review and a ruling on the pending motions. For the reasons explained below, this case may proceed for further development. The plaintiff should consult the accompanying order for instructions he must follow for the case to go forward.

**I.   Application to Proceed as a Pauper**

An inmate may bring a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). The plaintiff's application to proceed as a pauper reflects that he cannot pay the full fee in advance, so the application (Doc. No. 2) will be granted, and he will be assessed the fee. 28 U.S.C. § 1915(b).

**II.   Initial Review**

The court must determine if the complaint is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1). In doing so, the court must hold the complaint

to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Allegations

The plaintiff's motion to amend (Doc. No. 5) will be granted, and the court will consider the allegations in the complaint and motion to amend together. The plaintiff alleges as follows:

The plaintiff was quarantined in a small cell at the Montgomery County Jail for 14 days, 24-hours-a-day, with a withdrawing drug addict who defecated on himself "almost daily." (Doc. No. 1 at 4–5.) The plaintiff was not tested for COVID-19 before being placed in this cell, and he was not allowed to clean the cell or wash himself while he was confined there. (*Id.* at 5; Doc. No. 5 at 1.) He took "bird bath[s]" in a small sink that also supplied drinking water, and he was fed through an "unsanitary pie flap." (Doc. No. 1 at 5.) As a result, the plaintiff suffered mental, physical, and psychological trauma, including anxiety and depression. (*Id.*) The plaintiff also has a bond of $100,000. (Doc. No. 5 at 1.) He requests monetary damages. (Doc. No. 1 at 6.)

### B. Legal Standard

To decide if the complaint states a claim, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

### C. Analysis

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citation omitted).

#### 1. Conditions of Confinement

The plaintiff asserts that his conditions of confinement in quarantine amounted to cruel and unusual punishment, in violation of the Eighth Amendment. (Doc. No. 1 at 5.) Because the plaintiff is currently awaiting trial, however, it is clear that he is a pretrial detainee rather than a convicted prisoner. (*See* Doc. No. 5 at 1 (stating that the plaintiff is currently facing charges).) Therefore, the Due Process Clause of the Fourteenth Amendment is the source of his protection to be free from unconstitutional conditions of confinement—not the Eighth Amendment. *See Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014) (citing *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 894 (6th Cir. 2004)) ("The Eighth Amendment protection against deliberate indifference extends to pretrial detainees in state prisons by operation of the Due Process Clause of the Fourteenth Amendment.").

A pretrial detainee "may not be punished prior to an adjudication of guilt." *J.H. v. Williamson Cnty., Tenn.*, 951 F.3d 709, 717 (6th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). To state a claim for constitutionally inadequate conditions of confinement, a pretrial detainee must allege "that he was subjected to unconstitutional punishment in either of two ways: (1) by showing 'an expressed intent to punish on the part of the detention facility officials,' or (2) by showing that a restriction or condition is not rationally related to a legitimate government objective or is excessive in relation to that purpose." *Id.* (quoting *Bell*, 441 U.S. at 538–39).

3

Here, even assuming that quarantining the plaintiff was rationally related to a legitimate government objective to preserve health and safety at the Jail, the plaintiff has adequately alleged that his conditions were excessive in relation to that purpose. In determining whether a pretrial detainee's conditions were excessive, courts consider the totality of the circumstances, including the "duration and nature" of the conditions. *Id.* at 718. By alleging that he was subject to two weeks of 24-hour confinement to a small cell with another person, in frequent proximity to that person's waste, without the ability to clean the cell or himself, the plaintiff has stated a conditions-of-confinement claim. *See Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (explaining that, even under the more demanding Eighth Amendment standard, "exposure to human waste is a condition that courts will more quickly find" to be unconstitutional).

As for the defendants to this claim, the plaintiff names Montgomery County and the Montgomery County Jail. (Doc. No. 1 at 1–2.) The Jail, however, is not a proper party to a Section 1983 suit. *See McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that a prison facility "is not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983"). Therefore, the Jail will be dismissed as a party.

That leaves Montgomery County. To state a claim against a municipal entity like the County, the plaintiff must allege that the County's "policy or custom" directly caused the relevant constitutional violation. *Hardrick v. City of Detroit, Michigan*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)). Here, the plaintiff alleges that mental health workers at the Jail would not let him access the grievance system during quarantine. (Doc. No. 1 at 4.) The court liberally construes this as an allegation that the County has a policy or custom of prohibiting access to the grievance system by quarantined inmates. For the purpose of initial review, that is sufficient to allege that the County's policy or custom caused

4

Case 3:22-cv-00702   Document 6   Filed 11/08/22   Page 4 of 6 PageID #: 32

the asserted constitutional violation. Accordingly, the plaintiff's conditions-of-confinement claim may proceed against Montgomery County.

### 2. Excessive Bond

The plaintiff also asserts that he has an excessive bond of $100,000. (Doc. No. 1 at 5; Doc. No. 5 at 1.) But a Section 1983 case is the wrong vehicle to bring an excessive-bond claim. This claim is a challenge to the fact or duration of the plaintiff's confinement. *See Atkins v. People of State of Mich.*, 644 F.2d 543, 549 (6th Cir. 1981) (citations omitted) ("The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights . . . whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order or by a petition for habeas corpus."). The proper vehicle for this claim, therefore, is a habeas corpus petition. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Accordingly, the plaintiff's excessive-bond claim will be dismissed, without prejudice to refiling in a habeas corpus petition following the proper exhaustion of state court remedies.[1]

## III. Motion for Medical Records

The plaintiff requests possession of his medical records. (Doc. No. 4.) However, it is not the court's role to issue orders regarding the production of evidence at this stage in the case. Rather, as a general matter, discovery requests are served upon an opposing party and do not require a motion to be filed before serving the request. *See* Fed. R. Civ. P. 34(a). Accordingly, the plaintiff's motion will be denied without prejudice.

---

[1] The court notes that state pretrial detainees, like the plaintiff, pursue habeas corpus relief in federal court under 28 U.S.C. § 2241. *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). Before presenting an excessive-bond claim for federal review through a Section 2241 habeas petition, however, a pretrial detainee "must exhaust all available state court remedies." *Phillips v. Ct. of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)).

## IV. Conclusion

For these reasons, the court concludes that the plaintiff has stated a claim for inadequate conditions of confinement under the Due Process Clause of the Fourteenth Amendment against Montgomery County. This claim will be referred to the Magistrate Judge for further development. The Montgomery County Jail will be dismissed as a party, and the plaintiff's excessive-bond claim will be dismissed without prejudice.

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge