IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| DESTIN SAUERS | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:22-cv-00702 |
| | ) | |
| MONTGOMERY COUNTY, TENNESSEE | ) | |

**TO:** Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

By Order entered November 8, 2022 (Docket Entry No. 7), this *pro se* and *in forma pauperis* civil action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure.

For the reasons set out below, the undersigned respectfully recommends that this case be dismissed.

## I.  BACKGROUND

Destin Sauers ("Plaintiff") is a former inmate at the Montgomery County, Tennessee Jail ("jail") who has been released from the jail. On September 12, 2022, while still being held at the jail, Plaintiff filed this lawsuit *pro se* and *in forma pauperis*, seeking monetary damages under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred during his confinement as a pretrial detainee at the jail in the summer of 2022. *See* Complaint (Docket Entry No. 1). Specifically, Plaintiff alleges that he was subjected to living conditions that did not meet constitutional standards and that caused him injury. Upon initial review of the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff alleged an arguable

constitutional claim and directed that process issue to the Montgomery County municipal government. *See* Memorandum Opinion (Docket Entry No. 6).

Upon the filing of an answer by Montgomery County, the Court entered a scheduling order on January 27, 2023 (Docket Entry No. 14). A copy of the scheduling order mailed to Plaintiff at the jail, which was his address of record on the docket, was returned as undeliverable, as was another piece of mail sent to Plaintiff by the Court. *See* Docket Entry Nos. 15 and 16.

On March 23, 2023, Defendant Montgomery County filed a motion to compel (Docket Entry No. 17), asserting that Plaintiff has not responded in any manner to either written discovery requests that were served upon him or Defendant's letter to him attempting to resolve the discovery issue prior to filing its motion. Defendant indicated in its motion that Plaintiff is no longer held at the jail and that it sent its discovery requests and informal resolution letter to Plaintiff at a non-institutional address provided to Defendant's counsel in a telephone call from Plaintiff.

By Order entered March 27, 2023 (Docket Entry No. 18), the Court directed Plaintiff to file a written response to Defendant's motion by April 14, 2023. After noting that Plaintiff had failed to file a change of address notice upon his release from the jail, the Court advised Plaintiff that the Court would construe his failure to respond to Defendant's motion to be an indication that he no longer wishes to prosecute this action and warned Plaintiff that the Court would recommend the dismissal of the case under Rule 41(b) of the Federal Rules of Civil Procedure if he failed to respond. The Court directed the Clerk to send a copy of the Order to Plaintiff at the non-institutional address provided in the certificate of service for Defendant's motion. The docket reflects that Plaintiff has not filed a response of any kind to either Defendant's motion or to the Court's March 27, 2023, Order.

## II. DISMISSAL OF THE CASE

Rule 16(f)(1) provides that Aon motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), "if a party ... (C) fails to obey a scheduling or other pretrial order." The sanctions set forth in Rule 37(b)(2) include the sanction of "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Further, it is well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R.*, 370 U.S. 626 (1961), and Rule 41(b) permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the Court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

Plaintiff's failure to comply with the Court's March 27, 2023 Order, coupled with his failure to respond to Defendant's written discovery requests, indicates that he has lost interest in prosecuting his case. Despite the explicit warning from the Court of the consequences of not responding to the Court's Order, Plaintiff has ignored the order of the Court.

Although the Court recognizes Plaintiff's status as a *pro se* litigant affords him with some measure of leeway in the litigation of his case, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties with respect compliance with the orders of the Court. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Davis v. Bilbrey*, 2012 WL 2947587 (M.D. Tenn. July 19, 2012) (Haynes, J.) (*pro se* plaintiff's failure to respond to discovery requests and adhere to court imposed deadlines warranted sanction of dismissal); *Hanners v.*

*Jones*, 2007 WL 2710694 (M.D. Tenn. Sept. 13, 2007) (Nixon, J.) (same). Additionally, Plaintiff has exhibited an unwillingness to prosecute the case. Dismissal of the case with prejudice is appropriate in light of Plaintiff's dilatory conduct, the prejudice caused to Defendant by Plaintiff's failure to actively litigate the case, and the needless expenditure of resources caused by Plaintiff's conduct.

### RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that this case be DISMISSED WITH PREJUDICE pursuant to Rules 16(f)(1) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

                                          Respectfully submitted,

                                          BARBARA D. HOLMES
                                          United States Magistrate Judge